# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NICOLE POTTER, Heir at law of )
BEVERLY RETZLAFF, deceased, et al. )
                                                    )
           Plaintiffs, )
                                                    )
v. ) Case No. 18-CV-1150-JWB-TJJ
                                                    )
WAGNER'S CARNIVAL, LLC, et al. )
                                                    )
           Defendants. )

## MEMORANDUM AND ORDER

On February 20, 2019, the Court conducted a status conference with the parties in accordance with the Scheduling Order (ECF No. 16). Plaintiffs appeared through counsel, Dustin L. DeVaughn. Defendants appeared through counsel, Brian J. Niceswanger. The Court discussed the following with the parties: Plaintiffs' Motion to Compel Discovery Responses (ECF No. 23); Defendants' Motion for Enlargement of Time to File Designations of Comparative Fault (ECF No. 34); and Plaintiffs' request to take a Rule 30(b)(6) deposition of Wagner's Carnival, LLC's corporate representative. This order memorializes the Court's oral rulings made during the conference as well as the Court's guidance provided to the parties.

**I. Background**

This case involves claims of personal injury and wrongful death. Plaintiffs allege Defendant Denise Wagner ("Mrs. Wagner") was driving a truck that was pulling a trailer owned by Defendant Wagner's Carnival, LLC ("the Carnival"). Plaintiffs claim a tire dislodged from the trailer and went through the windshield of Beverly Retzlaff's car, striking her and ultimately causing her death.

On August 24, 2018, Plaintiffs served their first discovery requests on Defendants.[1] Around that time and over the next few months, Mrs. Wagner's husband, father, and sister died. Mrs. Wagner was also "on the road" with the Carnival and did not return home until December 2018.[2] It is undisputed that the parties had multiple communications about Mrs. Wagner's personal circumstances and the status of the discovery responses. After still receiving no responses to their discovery requests, Plaintiffs filed their motion to compel on January 9, 2019. Defendants originally opposed the motion, arguing Plaintiffs failed to properly meet and confer as required because Plaintiffs didn't say they were filing a motion to compel until the day before filing.[3] Later, on February 12, 2019, Defendants filed a sur-reply indicating they had filed their answers and responses to Plaintiffs' discovery requests on January 17, 2019, and then submitted their supplemental responses on February 5, 2019.[4] Therefore, Defendants believed Plaintiffs' motion to compel was moot.

On February 13, 2019, the parties submitted short summaries of issues to be discussed at the February 20, 2019 status conference. Specifically, Plaintiffs intended to take three depositions: Mrs. Wagner, an employee of the Carnival, and the Carnival's Rule 30(b)(6) designee. Defendants object to the 30(b)(6) deposition because they claim the trailer is not owned by the Carnival but rather by Mrs. Wagner. They further argue Mrs. Wagner was not an employee of the Carnival at the time of the accident.

---

[1] ECF Nos. 12 and 13.

[2] ECF No. 27 at 1.

[3] *See* ECF No. 27.

[4] *See* ECF No. 33. *See also* ECF Nos. 26 and 31.

Finally, on February 15, 2019, Defendants filed a motion for extension of time to file their designations of comparative fault. The same day, which was the deadline included in the Court's scheduling order, they filed preliminary designations of comparative fault.[5]

## II. February 20, 2019 Status Conference Rulings

First, the Court inquired of the parties whether Plaintiffs' motion to compel was moot in light of Defendants' sur-reply. Plaintiffs agreed that the motion was moot except for continued supplementation of documents, which Defendants acknowledged they are required to do, and production of Defendants' privilege log. Although the Court has not seen the discovery requests or responses, the parties agreed that Defendants' responses included conditional objections, which have been found "invalid and unsustainable" in this district.[6] Therefore, the Court ordered Defendants to provide in writing a definitive statement as to whether any documents responsive to the discovery requests are being withheld and if so, to provide a privilege log for the withheld documents by February 25, 2019. The Court is mindful of Mrs. Wagner's circumstances, but this case was filed May 24, 2018, and to date, not much discovery has taken place, and the discovery that has occurred has only been produced over the past few weeks. Plaintiffs have been patient and now must receive the information to which they are entitled. Plaintiffs' motion to compel is found as moot except as discussed here.

Next, the Court considered Defendants' motion to extend the comparative fault deadline. Plaintiffs indicated they opposed the motion because they received information that the Carnival was the owner of the trailer, and either way, the Carnival has personal access to all of the maintenance and repair documents, as well as the ownership title at issue, so there is no reason

---

[5] *See* ECF Nos. 35 and 36.

[6] *Sprint Comm. Co., L.P. v. Comcast Cable Comm., LLC*, Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 545544, at *2 (D. Kan. Feb. 11, 2014).

Defendants should not have been able to file their comparative fault designations by the deadline. Defendants responded that they have been attempting to get the ownership title documentation but have not been successful yet. They believe their requested extension is reasonable. Further, Defendants want to take the depositions of Plaintiffs' experts and the trailer manufacturer before finalizing their designations. Although Plaintiffs' deadline to respond to the motion to extend this deadline has not yet passed, the Court informed counsel that she would be willing to grant Defendants an extension until March 15, 2019 to file their final comparative fault designations if Plaintiffs did not object to this shorter extension (Defendants' motion requested an extension to April 1, 2019). Plaintiffs responded that they did not object. Therefore, Defendants' motion for extension of time is granted in part and denied in part, that is for an extension of this deadline but only to March 15, 2019.

Finally, the Court provided guidance on the parties' dispute over Plaintiffs' requested Rule 30(b)(6) deposition. It is clear there is a dispute over who owned the trailer at the time of the accident. Plaintiffs were informed that the Carnival owned it, and the insurance coverage also apparently shows the Carnival owned it. But Defendants say Mrs. Wagner and her husband bought the trailer and had full ownership of it at the time of the accident. However, they have not yet been able to produce the title or documentation from the sale. At this point, there are enough questions and issues regarding the trailer's ownership and Mrs. Wagner's status with the Carnival that the proposed Rule 30(b)(6) topics appear pertinent and relevant. If a motion were filed on this issue, the Court would be inclined to allow the Rule 30(b)(6) deposition to proceed on the topics Plaintiffs have identified. If the testimony is that the Carnival did not own the trailer, then Plaintiffs are still entitled to obtain this testimony as well as information about who was maintaining and inspecting the trailer.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Compel Discovery Responses (ECF No. 23) is found as moot except as discussed herein. Defendants shall provide in writing a definitive statement as to whether any documents are being withheld and if so, provide a privilege log for the withheld documents by February 25, 2019.

**IT IS FURTHER ORDERED** that Defendants' Motion for Enlargement of Time to File Designations of Comparative Fault (ECF No. 34) is granted in part and denied in part as discussed herein. Defendants are granted an extension of time, to and including March 15, 2019, in which to file their comparative fault designations.

**IT IS SO ORDERED.**

Dated February 22, 2019, at Kansas City, Kansas.

*/s/ Teresa J. James*
Teresa J. James
U. S. Magistrate Judge